UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| ELIJAH FONSECA,<br><br>    Plaintiff,<br><br>v.<br><br>TBC RETAIL GROUP, INC. d/b/a TIRE KINGDOM, a Florida Profit Corporation, and TBC CORPORATION, a Delaware Profit Corporation,<br><br>    Defendants. | CASE No.: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ELIJAH FONSECA ("Plaintiff"), by and through his undersigned counsel, files this Complaint and Demand for Jury Trial against Defendants, TBC RETAIL GROUP, INC. d/b/a Tire Kingdom, and TBC CORPORATION (TBC Retail Group, Inc, and TBC Corporation collectively referred to as "Defendants" or "Tire Kingdom") and states:

## JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter referred to as the "FLSA") to recover unpaid overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

2.    The jurisdiction of the Court over this controversy is proper pursuant to

28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, located within the Middle District of Florida.

## PARTIES

4.     At all times material hereto, Plaintiff was a resident within the jurisdiction of the Middle District of Florida.

5.     At all times material hereto, TBC Retail Group, Inc. was, and continues to be, a Florida Profit Corporation, engaged in business in Florida, with a principle place of business in Palm Beach, Florida.

6.     TBC Retail Group, Inc. is the registered owner of the fictitious name "Tire Kingdom" per the Florida Division of Corporations.

7.     At all times material hereto, TBC Retail Group, Inc. was Plaintiff's "employer" as defined by 29 U.S.C. § 201, *et seq.*

8.     TBC Corporation was, and continues to be, a Delaware Profit Corporation with a principle place of business in Palm Beach, Florida.

9.     At all times material hereto, TBC Corporation was Plaintiff's "employer" as defined by 29 U.S.C. § 201, *et seq.*

10.     TBC Corporation is one of North America's largest automotive maintenance and repair service providers.

11.     Pursuant to its website, TBC Corporation serves customers "at more than 3,000 franchised and company-operated tire and automotive service centers under the brands NTB, Tire Kingdom, Big O Tires, and Midas."

12.     At all times material hereto, Plaintiff was an "employee" of TBC Retail Group, Inc. within the meaning of the FLSA.

13.     At all times material hereto, Plaintiff was an "employee" of TBC Corporation within the meaning of the FLSA.

14.     At all times material hereto, TBC Retail Group, Inc. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15.     Based upon information and belief, the annual gross revenue of TBC Retail Group, Inc. was in excess of $500,000.00 per annum during the relevant time periods.

16.     At all times material hereto, TBC Retail Group, Inc. had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including equipment which was used directly in furtherance of its commercial activity of operating a Tire Kingdom.

17.     At all times material hereto, TBC Corporation was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

18.     Based upon information and belief, the annual gross revenue of TBC Corporation was in excess of $500,000.00 per annum during the relevant time periods.

19.     At all times material hereto, TBC Corporation had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including equipment which was used directly in furtherance of its commercial activity of operating a nationwide tire and automotive service company.

## STATEMENT OF FACTS

20.     Together, TBC Retail Group, Inc. and TBC Corporation own and operate the automobile maintenance and service center "Tire Kingdom."

21.     Tire Kingdom hired Plaintiff to work as a "Technician in Training" in approximately April 2022.

22.     Plaintiff worked at the Tire Kingdom located at 4757 Golden Gate Parkway, Naples, Florida 34116, throughout the duration of his employment.

23.     Plaintiff's duties included changing tires, changing oil, cleaning the store, restocking supplies, general customer service tasks, and completing any other task that was needed of him by management.

24.     Plaintiff's duties remained the same throughout the duration of his employment.

25.     Plaintiff was employed by Tire Kingdom until approximately June 2022.

26.     Throughout the duration of his employment, Plaintiff was compensated at an hourly rate of $15.00 per hour.

27.     However, Plaintiff was not properly compensated for all the hours that

he worked each week, in most, if not all, workweeks.

28.     Throughout the duration of his employment Plaintiff worked in excess of forty (40) hours in most, if not all, workweeks.

29.     However, despite of the hours that Plaintiff worked over forty (40) each week, Defendants failed to pay Plaintiff at a rate that was one and one-half times of his regular rate of pay for the hours that he worked over forty (40) each week.

30.     Defendants' failure to compensate Plaintiff for all of the hours that he worked each week at the legally mandated rate stemmed from Defendants' illegal time shaving practice.

31.     Specially, Defendants' management edited Plaintiff's time punches to reflect that he took a lunch break even though Plaintiff rarely, if ever, took a lunch break.

32.     Additionally, while Plaintiff was generally scheduled to work until 5:00 p.m. on most days, Plaintiff rarely, if ever finished working at 5:00 p.m.

33.     However, Defendants' management edited Plaintiff's time punches to reflect that he finished working at 5:00 p.m. or at the end of his scheduled shift, even if he worked beyond his scheduled hours worked.

34.     Defendants' practice of shaving time off of Plaintiff's time punches resulted in the non-payment of overtime at a time and one-half of Plaintiff's regular rate of pay for the hours that he worked over forty (40) in most, if not all, work weeks.

35.     Plaintiff should have been, and should be, compensated at a rate not

less than the applicable overtime rate as required by the FLSA, but Defendants failed to so compensate Plaintiff.

36.    Plaintiff should have been, and should be, compensated at a rate not less than one and one-half times his regular rate of pay for the hours that he worked over forty (40) each week.

37.    Defendants have violated Title 29 U.S.C. §207 in that:

     a.    Plaintiff worked in excess of forty (40) hours per week during his period of employment with Defendants;

     b.    No payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the applicable one and one-half times Plaintiff's regular rate for those hours that he worked in excess of forty (40) hours per work week as provided by the FLSA;

     c.    Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

**COUNT I**
**VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION**

38.    Plaintiff realleges and reincorporates paragraphs 1 through 38 as if fully set forth herein.

39.    Plaintiff worked in excess of forty (40) hours per week in most, if not all, work weeks while employed by Defendants.

40.     Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours that he worked in excess of forty (40) hours each workweek.

41.     Plaintiff is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours each work week.

42.     At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

43.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours that he worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

44.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

45.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

46.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his

favor against the Defendants:

    a.   An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff the full amount of damages and liquidated damages available by law;

    b.   Overtime compensation for all hours worked over forty (40) hours in a work week at the applicable time and one-half rate;

    c.   An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

    d.   Awarding Plaintiff pre-judgment and/or post-judgment interest;

    e.   Reasonable attorney's fees, costs and expenses of this action as provided by statute; and

    f.   Such other relief to which Plaintiff may be entitled, at law or in equity.

    g.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated: October 10, 2022.

/s/ *Chanelle J. Ventura*
Chanelle J. Ventura
Florida Bar No. 1002876
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
T: (954) 318-0268
F: (954) 327-3039
Email:    cventura@forthepeople.com

***Attorney for Plaintiff***